This is an appeal by Leimomi Colburn, a duly registered voter in the 30th precinct of the fourth representative district, from a decision and order of the board of registration of electors for the island of Oahu, rendered March 10, 1950, in the case of the challenges of appellant to the registration of Mildred Sera, Stephen T. Sawyer and Shizuko Cho as electors or voters in the 30th precinct of the fourth representative district. Such appeal was taken pursuant to section 191, Revised Laws of Hawaii 1945.
A motion to dismiss the appeal as to Stephen T. Sawyer *Page 292 
because he had not been served with a copy of the opening brief was joined in by counsel for appellant who stated he had made every effort, including the use of registered mail, to serve this brief but had been unable to do so. The motion to dismiss as to appellee Sawyer was allowed by the court.
On March 6, 1950, appellant filed a written challenge with the clerk of the City and County of Honolulu questioning the right of the appellees to remain registered as voters in the 30th precinct of the fourth representative district. Appellant was then a duly registered and qualified elector of the 30th precinct.
The ground of each challenge was that the 30th precinct was not the residence of either of the three persons whose registration was so challenged.
The clerk of the City and County replied by letter under date of March 14, 1950, and refused to take any action but advised appellant to take the matter up before the board of registration of electors for the island of Oahu; thereupon, appellant appealed from the decision of the clerk of the City and County and the matter was heard before the board of registration.
Each of the challenged electors under oath admitted that he or she did not actually reside and had never actually resided within the 30th precinct of the fourth representative district and that his or her place of residence was then and had been at the time of the registration of said voters in said 30th precinct outside of the said 30th precinct.
The board of registration ordered the names to be stricken from the records of the 30th precinct of the fourth representative district and simultaneously ordered that their names be transferred to the registry of the respective precincts of their actual residences and that they be permitted to vote in such precincts of their respective residences.
From the testimony it is clear that each of the appellees *Page 293 
gave a fictitious address for the purpose of being registered to vote in a district in which each of them knew he or she did not reside.
The single question involved on the appeal is whether the board of registration acted properly when, in connection with its order that the names of the appellees be stricken from the registry of the 30th precinct of the fourth representative district, it also ordered that their names be transferred to the registry of the precincts of their actual residences.
Section 175, Revised Laws of Hawaii 1945, provides that no person shall be entitled to vote at any election who shall fail to register with the formalities and subject to the restrictions and qualifications required by law. Section 176, relating to the place of registering and voting, provides that "Every person qualified to register may do so in the precinct in which he resides; and no person shall register or vote in any other precinct than that in which he resides; provided, however, that where there is a mistake in placing the name of the elector on the list of electors of a precinct in which he does not actually reside, such elector shall nevertheless be allowed to vote therein, if otherwise qualified; and it shall be the duty of the chairman of the inspectors of election of the precinct where such elector has voted to notify the county clerk of the error in order that the name of such elector may be placed on the next succeeding list of electors of the precinct where he actually resides.
"If any person resides in more than one precinct he may elect in which precinct he will register, but he shall register in one precinct only."
Under this section if each of the appellees had been registered in the 30th precinct "by mistake" the board could have ordered that they be permitted to vote in the 30th precinct in whichthey were registered and thereafter be allowed to transfer their registration to the proper precincts. *Page 294 
However, the board found there was no mistake as all of them gave as their residence in the 30th precinct of the fourth representative district the home of one Fujie Inenaga, knowing full well that they had no residence there. Apparently they had discussed this matter and their purpose was to join the precinct club for the reason, in the cases of Sawyer and Cho, of being appointed election inspectors, and in the case of Mildred Sera as an election clerk in 1948 and thereafter an inspector in 1950, all from the 30th precinct of the fourth representative district.
The board correctly ruled that they were not registered in their proper precincts and that their names should be removed from the registry, but the board was in error in ordering the clerk to transfer their names to the proper precincts of their respective residences as there was no "mistake."
Inasmuch as the election is long since past, this case would appear to be a moot one except for the one fact that the clerk has not made such transfer as ordered and therefore is entitled to have the decision of this court relative thereto.
It is obvious that the board erred in ordering the transfer and registration and in ordering that the appellees be permitted to vote in the precincts of their actual residences. The only situation under which appellees could have been permitted to vote would be to vote in the 30th precinct because registered there by mistake or to have themselves registered from the proper precinct. Apparently the change of registration was done by the board from a zealous desire to see that the appellees did not lose their right to vote. However, as stated in The King v.Hobron, 8 Haw. 152, at 153, 154: "The section of the law, then, on which the Inspectors based their actions, requires that he shall be a resident in the district, or voting precinct in which he registers, and a resident of the precinct in which he votes. *Page 295 
This would seem to be a needed law for the regulation of voting. The law provides for a voter's getting his name transferred from one registry to another upon his changing his residence. If he neglects to attend to this, it cannot be said that the law has disfranchised him, or if he changes his residence so shortly before the date of an election that the transfer, which must be done at an advertised public meeting of the Inspectors, cannot be made, he disfranchises himself by his own act, as he would if he chose to make a journey abroad previous to an election." Where a voter deliberately and knowingly registers in the wrong district and precinct, there is even less excuse to disregard the plain wording of the statute.
The order of the board directing the clerk to strike the names from the registry of the 30th precinct of the fourth representative district is sustained. Its order directing the clerk to transfer the names to the proper precincts is vacated.